UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK COLLINS,<br><br>Petitioner,<br>v.<br>STATE OF NEVADA, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00433-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (ECF No. 10). The Court has reviewed the habeas petition, and it will be served on respondents.

Along with the petition, petitioner filed a motion for the appointment of counsel. (ECF No. 1-3). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). In this case, the petition on file is sufficiently clear in presenting the issues that petitioner wishes to bring. The appointment of counsel is not justified in this instance. The motion is denied.

It is therefore ordered that the Clerk of Court file petitioner's motion for the appointment of counsel (ECF No. 1-3). The motion for appointment of counsel is denied.

It is further ordered that the Clerk of Court file and electronically serve the petition upon the respondents.

It is further ordered that the Clerk of Court add Nevada Attorney General Adam Paul Laxalt to the CM/ECF docket sheet as counsel for respondents.

It is further ordered that respondents will have forty-five (45) days from the entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents must address all claims presented in the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If an answer is filed, respondents must comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner will have forty-five (45) days from the date of service of the answer to file a reply.

It is further ordered that any state court record exhibits filed by respondents must be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits will be forwarded, for this case, to the staff attorneys in the Reno Division of the Clerk of Court.

DATED THIS 31st day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE